UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KYLE REED,

        Plaintiff,           Case No. 1:21-cv-11112

v.           Honorable Thomas L. Ludington
        United States District Judge

PRESQUE ISLE COUNTY, KENNETH
RADZIBON, and LUKE RYAN,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
AND HOLDING INJUNCTION IN ABEYANCE**

In this due-process action involving a Presque Isle County's seizure of two dogs suspected of maiming a horse, Plaintiff has demonstrated the need for a stay of execution of the dogs pending resolution of the Michigan Supreme Court's decision on whether to grant his wife's request for leave to appeal the state courts' order directing the County to euthanize the dogs.

**I.**

Plaintiff Kyle Reed co-owns two American bulldogs, Koarick and Crowley, with his estranged wife, nonparty Amanda Reed. ECF No. 1 at PageID.2–3.

On October 15, 2019, the dogs were found in Plaintiff's neighbors barn with the neighbor's horse so injured that the neighbor euthanized it. *Id.* at PageID.3–4. Defendant Luke Ryan, a Presque Isle County sheriff's deputy, investigated the incident, gave Amanda Reed a ticket, and seized the dogs due to the injuries to the horse. *Id.*

Two days later, Defendant Kenneth Radzibon, an assistant prosecuting attorney of Presque Isle County, brought two proceedings in the Eighty-Ninth District Court under Michigan state law seeking euthanasia of the dogs. ECF No. 28 at PageID.379 (first citing *People v. Reed*, No. 19-

8042-GZ (Mich. 89th Dist. Ct. 2019); and then citing *People v. Reed*, No. 19-8043-GZ (Mich. 89th Dist. Ct. 2019)). On November 5, 2019, the district court ordered the dogs to be euthanized. *Id.* at PageID.379. Amanda Reed appealed to Fifty-Third Circuit Court of Presque Isle County. ECF No. 3 at PageID.32 (first citing *People v. Reed*, 19-003234-AV (Mich. 53d Cir. Ct. 2020); and then citing *People v. Reed*, 19-003235-AV (Mich. 53d Cir. Ct. 2020)). On February 24, 2020, the state circuit court affirmed the district-court order to euthanize the dogs. ECF No. 28 at PageID.380

On May 14, 2021, Plaintiff filed a five-count complaint in this Court alleging that Defendants unconstitutionally seized his two dogs under the Fourth Amendment (Count I); violated his right to procedural due process under the Fourteenth Amendment by not serving him in the state-court cases as required by Michigan law (Counts II and III); illegally converted his dogs under Michigan common law (Count V); and should be enjoined from enforcing a state-court order directing the dogs to be euthanized (Count IV). ECF No. 1.

One month later, Plaintiff filed a motion for a preliminary injunction in this Court to "enjoin[] the destruction of Plaintiff's Dogs pending these proceedings." ECF No. 3 at PageID.48. That Motion was denied as moot two weeks later because the Michigan Court of Appeals granted a stay of execution of the dogs. *See People v. Reed*, No. 353140, (Mich. Ct. App. June 21, 2021); ECF No. 12.

The Michigan Court of Appeals affirmed the state circuit court euthanasia order with dissent. *See generally People v. Reed*, No. 353140, 2021 WL 3975095 (Mich. Ct. App. Sept. 2, 2021) (unpublished) (per curiam). Amanda Reed set forth three arguments: (1) Michigan Compiled Laws § 287.321 *et seq.* repealed Michigan Compiled Laws § 287.286a by implication; (2) section 287.286a is void for unconstitutional vagueness; and (3) the district court erred in denying

summary disposition in her favor. The majority opinion rejected all three arguments. None of her arguments prevailed.

In November 2021, the Michigan Court of Appeals denied reconsideration with the same judge dissenting again. *See People v. Reed*, No. 353140 (Mich. Ct. App. Nov. 9, 2021). In December 2021, Amanda Reed sought leave to appeal with the Michigan Supreme Court. *See People v. Reed*, No. 163874 (Mich. Dec. 21, 2021).

According to Plaintiff, the state-court stay of execution "is still pending," but Presque Isle County maintains possession of the dogs. ECF No. 27 at PageID.350, 352–53. Thus, Plaintiff asserts, if the Michigan Supreme Court denies Amanda Reed's leave to appeal, Defendants may immediately euthanize his dogs. Because those dogs are the property at issue in this case, he has filed a motion for a preliminary injunction to enjoin Defendants from executing the dogs "pending the outcome of [the instant federal] case." *See id.* at PageID.349.

Defendants, who possess the dogs under order of the state circuit court, "do not oppose" Plaintiff's Motion for a stay of the dogs' euthanasia. *See* ECF No. 28 at PageID.380–81.

## II.

A preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

Four factors determine whether a court should grant a preliminary injunction: (1) whether the movant will suffer irreparable harm absent the injunction; (2) the movant's likelihood of success on the merits; (3) whether the balance of hardships favors the movant; and (4) whether the injunction would be adverse to the public interest. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943–44 (2018) (per curiam); *Yolton v. El Paso Tenn. Pipeline Co.*, 435 F.3d 571, 578 (6th Cir. 2006).

These "are factors to be balanced, not prerequisites that must be met." *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 230 (6th Cir. 2003) (quoting *Mich. Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001)).

**A.**

Petitioner must show that irreparable harm is "both certain and immediate, rather than speculative or theoretical." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991).

Harm "is not irreparable if it is fully compensable by money damages." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). A harm is not fully compensable by money damages, however, if the nature of the plaintiff's loss would make damages difficult to calculate. *See Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984). There is some ambiguity in the law regarding whether the loss of an animal's companionship is difficult to calculate, or if such a claim is even cognizable. *See Koester v. VCA Animal Hospital*, 624 N.W.2d 209, 211 (Mich. Ct. App. 2000) (holding that there was no cause of action for "recovery of emotional distress damages arising from negligence committed in the care of [a] pet."). But that analysis does not apply in the § 1983 context, in which the common law is mere guidance. *See Moreno v. Hughes*, 157 F. Supp. 3d 687, 689 (E.D. Mich. 2016) (citing *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997)).

The "denial of an injunction will cause irreparable harm if the claim is based upon a violation of the plaintiff's constitutional rights." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002); *see also Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012) ("When constitutional rights are threatened or impaired, irreparable injury is presumed.").

Plaintiff will suffer irreparable injury absent an injunction of the euthanasia of his dogs. Plaintiff has alleged three violations of his constitutional rights. *See* ECF No. 1 at PageID.6, 9, 11. The core of those claims is that Presque Isle County unconstitutionally seized his dogs and obtained euthanasia orders. If his dogs are euthanized, he could never obtain the remedy he seeks: the possession of his dogs. The dogs will also suffer irreparable injury. If sterilization causes irreparable injury to an animal, *Mich. Wolfdog Ass'n, Inc. v. St. Clair Cnty.*, 122 F. Supp. 2d 794, 809 (E.D. Mich. 2000), an obvious corollary is that euthanasia causes irreparable injury to an animal. Indeed, death cannot be undone.

As indicated, this favors and is ultimately dispositive of granting Plaintiff's request for injunctive relief.

**B.**

Plaintiff's likelihood of success is uncertain. To succeed on his claim, Petitioner must show that Defendants had to serve him notice under Michigan's Dog Law of 1919. The Michigan Court of Appeals has ruled against the same contention twice—albeit with a strong dissent both times. And though those adjudications involved Plaintiff's wife but not Plaintiff, those Michigan orders *might* have preclusive effect in this Court. Further, though the Michigan Supreme Court *might* hear the issue, it grants leave in less than 2% of cases. *See* Shari M. Oberg & Daniel C. Brubaker, *Supreme Review: Insights on the Michigan Supreme Court's Consideration of Applications for Leave to Appeal*, 87 MICH. BAR J. 30, 32 (2008).

This factor is neutral because (1) there are too many unknowns, (2) this Court will not opine on the merits of an issue the Michigan Court of Appeals has already decided, and (3) the Michigan Supreme Court might address the issue.

## C.

The public interest and the balance of equities both favor a stay of the dogs' execution. "When the government opposes the issuance of a temporary restraining order, as [the Government] do[es] here, the final two factors—the balance of equities and the public interest—merge, because 'the government's interest is the public interest.'" *Malam v. Adducci*, 452 F. Supp. 3d 643, 661–62 (E.D. Mich. 2020), *as amended* (Apr. 6, 2020) (first quoting *Pursuing Am.'s Greatness v. FEC*, 831 F.3d 500, 512 (D.C. Cir. 2016); and then citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

The balance of equities favors an injunction. Confusingly, Defendants possess the dogs yet "do not oppose" an injunction of "the enforcement of the district court orders to destroy the dogs." *See* ECF No. 28 at PageID.380–81. This makes an injunction seem unnecessary as Defendants have acknowledged that they conferred with Plaintiff regarding not euthanizing his dogs yet leave this Court to direct Defendants not to do so. In other words, Defendants want this Court to tell them not to do what they have already acknowledged that they have no interest in doing. Why the parties did not submit a stipulation to that effect is confusing. This factor nevertheless weighs in favor of injunctive relief as there is no public interest in the dogs' euthanasia according to Defendants' briefing, and there is no risk to public safety because Defendants possess the dogs.

Because the factors score 2–1–0, Plaintiff's Motion for a Preliminary Injunction will be granted. The injunction, however, will be held in abeyance pending the Michigan Supreme Court's decision on whether to grant Amanda Reed's leave for appeal. The parties may notify this Court of their need for the injunction when that time comes, but *the injunction will not take effect until one of the parties requests as much, and this Court lifts the abeyance*.

- 7 -

**III.**

Accordingly, it is **ORDERED** that Plaintiff's Motion for Preliminary Injunction, ECF No. 27, is **GRANTED**.

Further, it is **ORDERED** that the injunction is **HELD IN ABEYANCE** until further order of this Court.

Dated: March 25, 2022                                    s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge