UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KYLE REED,

       Plaintiff,                               Case No. 1:21-cv-11112

v.                                            Honorable Thomas L. Ludington
                                                United States District Judge
PRESQUE ISLE COUNTY, KENNETH
RADZIBON, and LUKE RYAN,

       Defendants.
_____/

**ORDER STAYING CASE *SUA SPONTE* AND DIRECTING NOTIFICATION**

During a May 4, 2022 settlement conference, various issues arose due to the bifurcated nature of this case. Plaintiff's wife, who co-owns the property at issue in this case, is a party in a state case involving the same property (i.e., the dogs), and the status of that case depends on whether the Michigan Supreme Court grants her request for leave to appeal an adverse decision of the Michigan Court of Appeals. *See People v. Reed*, No. 163874 (Mich. Dec. 21, 2021).

Because this case partially depends on the state case, this case will be stayed, and the parties will be directed to notify this Court when the Michigan Supreme Court decides whether to grant leave to appeal in Case No. 163874.

Generally, courts consider four factors when determining whether to stay a case pending another proceeding: (1) potential of other case to have a dispositive effect on this case; (2) judicial economy; (3) public welfare; and (4) hardship or prejudice to the parties, given the stay's duration. *AES-Apex Emp. Servs., Inc. v. Rotondo*, No. 13-CV-14519-DT, 2015 WL 12990376, at *1 (E.D. Mich. July 24, 2015) (quoting *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004)).

The balance of these factors weighs in favor of a stay. The state proceeding might impact the rights of the Plaintiff in this case, potentially mooting this case. The stay will benefit judicial economy by eliminating unnecessary status updates until the state decides whether it will further address Plaintiff's claims. The public welfare will not be affected either way because Defendants no longer house the dogs. No party is opposing the stay, which this Court is invoking *sua sponte*; even so, both parties will benefit from determining whether Plaintiff's rights were violated. The duration of the stay is unknown, but the parties have shared their concurrence with the stay.

Accordingly, it is **ORDERED** that the above-captioned case is **STAYED** until the Michigan Supreme Court decide whether to grant leave to appeal in Case No. 163874 or further order of this Court.

Further, it is **ORDERED** that the parties are **DIRECTED** to notify this Court when the Michigan Supreme Court decides whether to grant leave to appeal in *People v. Reed*, No. 163874 (Mich. Dec. 21, 2021).

Dated: May 16, 2022							s/Thomas L. Ludington
									THOMAS L. LUDINGTON
									United States District Judge